Maher, Appellee, *v.* Maher, Appellee;
Wiczynski, Appellant.

(No. L-77-185—Decided April 28, 1978.)

*Mr. Harland M. Britz,* for appellee Elaine M. Maher.
*Mr. Peter J. Wagner,* for appellee Francis X. Maher.
*Mr. William H. Syring,* for appellant.

Brown, J. The guardian ad litem of the illegitimate daughter of Francis Maher appeals his dismissal as intervenor in the divorce action between Francis and Elaine Maher in the Lucas County Common Pleas Court, Domestic Relations Division, and subsequent orders of the domestic relations court consistent with the dismissal. The guardian assigns the following as errors:

"1. The trial court erred in (1) filing its journal entry dated July 8, 1977 (R. 2) which dismissed the defendant-intervenor Joseph J. Wiczynski, guardian ad litem and next friend of minor Delma Ann and concomitantly denying said defendant-intervenor from participating in depositions of the defendant in this cause, and (2) in overruling its own decision entered December 28, 1976 (R. 2) granting intervention to the guardian ad litem and next friend and (3) in overruling its referee and its decision made and filed May 20, 1977, which decision was signed by Leon Frankel, Referee, and June R. Galvin, Judge. (R. 2)

"2. The trial court erred in (1) filing its journal entry on

oral motion dated September 15, 1977 (R. 2) dissolving all injunctions in the action and in (2) overruling its own journal entry filed December 15, 1976, enjoining the defendant Maher from disposing of his property, except for business operations, until final determination of Cause DR 76-0752 and C. P. 74-2115, thereby preventing the guardian ad litem defendant-intervenor from properly protecting the rights of the minor Delma Ann.

"3. The trial court erred in filing its judgment entry finalizing the divorce on November 8, 1977 (R. 2), and previously thereto on July 18, 1977 holding a final hearing (R. 2) in said divorce action without allowing defendant-intervenor, guardian ad litem and next friend of minor Delma Ann to be present and participate to protect the minor Delma Ann's interest who then and there was admitted and acknowledged to be daughter of defendant Maher; thus by filing said journal entry preventing minor daughter through her guardian from protecting her interest in the estate of her natural father who was allowed to exclusively control the property awarded to him and move his residence to a foreign state.

"4. The trial court erred in failing to consider and hold an evidentiary hearing (1) to re-instate intervenor and (2) and to award expenses of suit to guardian for indigent minor including expenses of guardian and attorney fees in accord with motion filed September 22, 1977. (R. 38)"

The issue of paternity is not raised in this appeal, as Francis Maher admitted paternity in a separate suit in Lucas County Common Pleas Court. Nor is the obligation of a father to support an illegitimate child an issue, since Ohio law clearly requires the father to provide such support. See R. C. 2919.21; *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228; *Wiczynski* v. *Maher* (1976), 48 Ohio App. 2d 224. Rather, the issue in this appeal is whether an illegitimate child has a right to intervene in the divorce action in which her natural father is the defendant.

As a general rule, in the absence of statute, third persons do not have a right to intervene in a divorce action unless they have a claim or interest in property involved in the divorce action, which claim or interest may be adversely affected by the divorce proceedings. 27A Corpus Juris Secundum 314, 318,

Divorce, Sections 90-91; 24 American Jurisprudence 2d 430, 431, Divorce and Separation, Sections 277-78.

We find no Ohio statute which authorizes such intervention in a divorce proceeding. On the contrary, from the language of Civ. R. 75(B), we conclude that in Ohio intervention by third persons is not permitted in divorce actions, although third persons may be joined as party defendants. Civ. R. 75(B) provides:

"Joinder of parties. Rules 14, 19, 19.1 and 24 shall not apply in divorce, annulment, or alimony actions, however:

"(1) A person or corporation having possession of, control of or claiming an interest in property, whether real, personal or mixed, out of which another seeks alimony or support, may be made a party defendant; or

"(2) When it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem, and legal counsel if necessary, for such child and tax the costs thereof; or

"(3) When support is ordered, the court, on its own motion or that of an interested person, after notice to the party ordered to pay support and to his employer, may make such employer a party defendant."

Thus, Civ. R. 24, which provides generally for intervention in civil proceedings, is expressly made inapplicable to divorce proceedings. Appellant's reliance upon Civ. R. 24 is, therefore, misplaced.

As we construe Civ. R. 75(B), the child in this case may be joined, if at all, only under subsection (1). Subsection (3), of course, is inapplicable. Subsection (2) is, likewise, inapplicable because the child here is not "the child of the parties," but rather the illegitimate child of the husband, Francis Maher. *Cf. Barth* v. *Barth* (1967), 12 Ohio Misc. 141.

We find that the child here cannot be made a party defendant under Civ. R. 75(B)(1). As we construe subsection (1), "interest" means a lien or ownership, legal or equitable. At present, while the child has a right to support from her natural father, no support order has been entered, and, therefore, she has no interest of either a direct or intermediate nature in any particular property of Francis Maher, and there is no liquidated sum which could be said to attach. In these circumstances, the child does not fit the category of persons who

can be made party defendants under Civ. R. 75(B)(1). See, generally, Annotation, 63 A.L.R. 3d 373.

As the child has no right to intervene or to be joined as a party defendant, the domestic relations court properly dismissed her guardian ad litem from the divorce proceedings, and the four assignments of error are not well taken.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.