OPINION
Defendant-appellant, Jack Chrisman, appeals a decision of the Warren County Court of Common Pleas, granting defendant-appellee, Coldwell Banker West Shell Realtors ("West Shell"), the right to intervene in the parties' divorce, and ordering dispersal of funds held in escrow. We affirm the decision of the trial court.
Appellant and plaintiff-appellee, Sheila Russell, were married on March 3, 1974, and divorced by decree filed August 29, 1995. At the time of their divorce, the parties owned numerous pieces of real estate. The divorce decree specified that certain properties were to be sold and the net proceeds from the sales divided between the parties. Neither party appealed from the decree of divorce.
Appellant failed to cooperate in the sale of the real estate as ordered. The trial court subsequently ordered appellant to transfer his interest in the properties to appellee, as trustee, so that she could sell the real estate in accordance with the decree. In December 1995, appellee signed a listing agreement with West Shell for the sale of the parties' Drake Road property. The contract provided that West Shell would receive a six percent commission upon the sale of the property. The term of the agreement was from December 1995, to July 1996, and was subsequently renewed through February 1, 1997.
In late 1996, upon appellant's motion and with appellee's agreement, the trial court relieved appellee of her duties as trustee. In January 1997, the court appointed a receiver to sell the remaining properties. In February 1997, the receiver renewed the listing agreement with West Shell for the sale of the Drake Road property. In May 1997, the property was sold to Fred Hubbell, as an agent for appellant, and the property was deeded directly to appellant. At the time of the closing, appellant refused to allow the receiver to pay West Shell's commission out of the sale proceeds. Appellant maintained that he was not responsible for any portion of the commission as he did not sign the listing agreement.
In an October 6, 1997 decision, the trial court ordered, among other things, that the receiver hold the six percent commission in escrow until the matter was resolved. Appellant timely appealed from this decision, and this court rendered its decision on the matter on February 8, 1999. See Chrisman v.Chrisman (Feb. 8, 1999), Warren App. No. CA97-10-109. In December 1997, West Shell filed a motion to intervene in the parties' divorce action to protect its right to the funds held by the receiver. About the same time, appellant filed a declaratory judgment action against West Shell in the Warren County Court of Common Pleas. West Shell's motion to intervene was granted by the trial court on January 13, 1998. The declaratory judgment action was eventually dismissed without prejudice by appellant and the matter was thereafter set before the domestic relations judge for resolution.
Pursuant to an agreed entry filed August 14, 1998, the receiver paid West Shell $13,350 from the funds held in escrow, in partial satisfaction of the commission owed to West Shell. The trial court held two hearings on the matter in September 1998. During the hearings, appellant conceded that West Shell was owed the commission. As a result, the trial court entered judgment in favor of West Shell for the entire commission due.
Appellant, however, continued to argue that he was not personally responsible for the commission. In a decision filed December 18, 1998, the trial court specifically found that the Drake Road property was sold while the listing contract executed by the court-appointed receiver was in effect. The trial court therefore ruled that the receiver was obligated to pay the full commission owed. The trial court further found that appellant was estopped by his own conduct from claiming that he had no responsibility for payment of the commission. Appellant timely appealed this decision. Appellee filed a motion requesting that this court award her attorney fees and assess costs against appellant for filing a frivolous appeal. Appellant raises two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING DEFENDANT COLDWELL BANKER/WEST SHELL TO INTERVENE IN THIS DIVORCE ACTION.
Appellant first contends that Civ.R. 75(B) expressly prohibits the joinder or intervention of West Shell as a party defendant.
As a general rule, in the absence of a statute, third parties do not have the right to intervene in a divorce action. Maher v.Maher (1978), 64 Ohio App.2d 22 (citations omitted). Indeed, the object of Civ.R. 75(B) is to prevent the intervention of a third-party to a divorce action. Foster v. Foster (Jan. 11, 1989), Medina App. No. 1735, unreported. However, third parties may intervene when "they have a claim or interest in property involved in the divorce action, which claim or interest may be adversely affected by the divorce proceeding." Maher at 22.
A trial court may, "in the exercise of its discretion, allow intervention when the trial court believes that the third-party's interest in the property, from which alimony or support may be sought, or other interests need to be protected within the divorce action." Id. citing Stone v. Stone (1983), 9 Ohio App.3d 6. The granting or denial of intervention is discretionary and will not be disturbed on appeal absent a showing that the trial court abused its discretion. Likover v. Cleveland (1978), 60 Ohio App.2d 154,158-159. More than a mistake of law or judgment, an abuse of discretion occurs when a trial court acts in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
It is well-settled that actions to recover funds held by a receiver must be filed in the court proceeding in which the receiver was created. Olds v. Tucker (1880), 35 Ohio St. 581. Every claim of a creditor against property in the hands of a receiver can be determined by the trial court through an intervention of the claim holder in the pending litigation. Id.
No other court has jurisdiction to compel allowance of a claim held by a receiver as "the fund is in the custody of the law, and under the exclusive control of the court appointing the receiver."Id. at 584.
In the present case, the trial court presiding over the parties' divorce appointed a receiver to effectuate the sale of the Drake Road property. The receiver contracted with West Shell to sell the property. Upon the sale of the property, the trial court ordered the receiver to hold the commission due West Shell in escrow. The trial court presiding over the parties' divorce action was the only proper forum in which West Shell could seek relief. Id. We therefore find no abuse of discretion by the trial court in allowing West Shell to intervene.
Appellant also contends that the trial court abused its discretion by allowing West Shell to intervene in the divorce case after entry of final judgment in the matter, and while another case was pending which would adequately protect West Shell's interest.
The purpose of intervention "is to allow individuals to join whose interests need to be protected." Huener at 327. Although it is unusual to grant a party the right to intervene after a final judgment has been issued, in the present case, there was no controversy over the payment of West Shell's commission until well after the decree of divorce was filed. West Shell was not even aware of the Chrismans and their disputes at the time that the decree was entered. Rather, it was not until two years later that West Shell became involved in the sale of the property.
Further, the civil case to which appellant refers was voluntarily dismissed, by him, thereby leaving West Shell without a remedy in another action. Although appellant incorrectly argues that "that other action was the proper forum for determining [West Shell's] interest," he neglects to state that he dismissed that action in order to pursue the matter before the domestic relations judge.
We find no abuse of discretion in allowing West Shell to intervene in the present matter. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN EXERCISING JURISDICTION OVER WHAT IT STYLED ON THE RECORD TO BE A FURTHER PROPERTY DIVISION BETWEEN THE PARTIES WHEN A FINAL APPEALABLE ORDER HAD BEEN ENTERED REGARDING SUCH PROPERTY DIVISION, AND THAT ORDER WAS THE SUBJECT OF A PENDING APPEAL.
In his second assignment of error, appellant contends that the filing of his previous appeal in this matter divested the trial court of jurisdiction to grant West Shell the right to intervene.
On October 27, 1997, appellant filed an appeal of the trial court's October 6, 1997 decision. This decision, among other things, ordered the receiver to hold six percent of the purchase price of the Drake Road residence in escrow, while appellant attempted to negotiate a settlement with West Shell. When it became clear that appellant had no intention of negotiating a settlement, the trial court, by entry filed January 13, 1998, granted West Shell's motion to intervene. On August 14, 1998, the trial court issued an agreed entry ordering the receiver to pay West Shell $13,350 in partial satisfaction of its commission. On December 18, 1998, the trial court issued a decision ordering the receiver to pay the full commission due West Shell from the funds held in escrow. This court issued a decision overruling appellant's assignments of error in his first appeal in this matter on February 8, 1999.
A trial court retains continuing jurisdiction to enforce its order dividing property. Tomasik v. Tomasik (Jan. 29, 1997), Summit App. No. 17822, 1997 WL 45055, at *2, unreported (citations omitted). Further, when a domestic relations case has been appealed, the trial court continues to have jurisdiction so long as exercise of that jurisdiction does not interfere with the authority of the appellate court to review the judgment under appeal and reverse, modify, or affirm the judgment. Buckles v.Buckles (1988), 46 Ohio App.3d 118.
The parties' decree of divorce stated that the Drake Road real estate would be sold and the net proceeds divided equally between the parties. Although raising many issues in his first appeal, appellant did not appeal the order to sell the real estate. Therefore, pending resolution of the appeal, the trial court retained jurisdiction to enforce its order to sell the property. The action the trial court took to this end (ordering disbursement of the commission due West Shell) in no way impeded this court's ability to reverse, modify, or affirm the trial court's October 6, 1997 judgment. Accordingly, appellant's second assignment of error is overruled.
Appellee moves the court for an award of attorney fees due to appellant's prosecution of a frivolous appeal. Pursuant to App.R. 23, "[I]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." The purpose of this rule is to assess attorney fees and costs against the party that brings a frivolous appeal. Metcalf v. Winnen (1985),21 Ohio App.3d 174. An appeal is deemed frivolous for purposes of App.R. 23 when it presents no reasonable question for review.Talbott v. Fountas (1984), 16 Ohio App.3d 226.
The parties were ordered by the trial court to sell certain pieces of real estate in an agreed entry filed August 25, 1995. In spite of the fact that appellant represented to the trial court that he agreed with this order, he refused to cooperate in the sale of the properties. This resulted in the transfer of his interest in the properties to appellee, as trustee, and eventually in the appointment of a receiver. The simple fact that appellant never signed a listing agreement with West Shell, in violation of the trial court's order, does not relieve appellant of his responsibilities under the listing agreement signed by the court-appointed receiver.
Yet, four and one half years after the original order to sell the property was journalized, appellant persists in pursuing issues that have already been clearly decided. This court upheld the trial court's order that the parties sell the property and divide the net proceeds. In spite of appellant's behavior the property has been sold, and payment of the real estate commission incurred incident to the sale cannot be avoided. We find that there was no reasonable basis for this appeal, and that appellant's pursuit of this appeal is frivolous. Therefore, we award appellee attorney fees and costs in an amount to be determined by subsequent entry, for preparing the defense for this appeal.[1]
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] By way of separate entry, we will order appellee to provide a basis for a reasonable amount for attorney fees and costs in this appeal pursuant to her motion for sanctions.