**STATE ex rel. MIAMI VALLEY BROADCASTING CORPORATION et al.**

v.

**DAVIS, Judge, et al.**

[Cite as *State ex rel. Miami Valley Broadcasting Corp. v. Davis*, 158 Ohio App.3d 98, 2004-Ohio-3860.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20587.

Decided July 21, 2004.

Brett Thurman, for relator Dayton Newspapers, Inc.

Robert E. Portune, Gary W. Gottschlich, Jeffrey R. Myers, and B.J. McComas, for relators Miami Valley Broadcasting Corp. and Dayton Newspapers, Inc.

Mathias Heck, Montgomery County Prosecuting Attorney, Chris R. Van Schalk, John F. Krumholtz and Victoria E. Wienekoski, Assistant Prosecuting Attorneys, for respondents.

Michael W. Krumholtz, John F. Haviland, and Carla J. Morman, for intervenors Coolidge, Wall, Womsley & Lombard Co., LPA.

Dwight D. Brannon and Andrea G. Ostrowski, for intervenor Barbara L. Sager.

---

Per Curiam.

{¶ 1} Relators, Miami Valley Broadcasting Corporation (hereinafter referred to as "WHIO") and Dayton Newspapers, Inc. (hereinafter referred to as "Dayton Daily News"), filed this original action in mandamus seeking an order directing respondents, the Honorable G. Jack Davis, Judge of the Montgomery County

Common Pleas Court, and the Montgomery County Clerk of Courts, Dan Foley, to permit the inspection and copying of the pleadings filed in the case of *Sager v. Coolidge, Wall, Womsley & Lombard Co., LPA,* case No. 2004–CV–3938, pending in that court. The relators contend that the pleadings must be made available for inspection because the pleadings are public records under the Ohio Public Records Act, R.C. 149.43. The relators made a request under the Public Records Act, but disclosure of the pleadings has been refused by the respondents. For the reasons set forth below, we grant relators' writ of mandamus.

## I

{¶ 2} In June 2004, Barbara L. Sager filed a complaint against Coolidge, Wall, Womsley and Lombard Co., LPA (hereinafter "Coolidge"). Coolidge filed a motion to seal the pleadings on an expedited basis, and the trial court issued an order sealing the pleadings pending an oral hearing. In compliance with that order, Foley sealed the pleadings, deleted the reference to the case on his office's website, and delivered the pleadings to the trial court. Prior to the sealing, three copies were obtained from the clerk's office, one copy being obtained by the media. Subsequent to the sealing, Dayton Daily News reporter Rob Modic requested a copy of the pleadings, but his request was refused by the clerk, who informed him that the pleadings had been sealed by court order. WHIO contacted Judge G. Jack Davis to request a copy of the pleadings, and its request was refused by Judge Davis, who stated that the records would remain under seal, at least until the hearing on the motion to seal. WHIO and Dayton Daily News were granted leave to intervene in the action between Sager and Coolidge pending in Judge Davis's court, for the limited purpose of filing a memorandum in opposition to the motion to seal the pleadings and to be heard at the hearing on the motion to seal. Sager, Coolidge, WHIO, and Dayton Daily News participated in the hearing before the trial court on the motion to seal the pleadings.

{¶ 3} The trial court found that the provisions of R.C. 149.43 do not apply because the pleadings are not public records under the Public Records Act. The trial court issued a decision ordering that "all pleadings (as defined by Civ.R. 7(A)) already filed, and which may be filed in this matter, are to be sealed by the Clerk of Court, sealed from the Clerk's web site and all pleadings, i.e. complaints, answers, replies to counter-claims, answers to cross-claims, answers containing a cross-claim, third-party complaints, and third-party answers are to be placed under seal, and delivered to the undersigning Judge after filing until further order of the Court." The trial court also issued a separate decision striking all exhibits attached to Sager's complaint and supplement to her complaint, pursuant to Civ.R. 12(F), and ordering that all stricken materials be returned directly to

Sager's counsel. Thereafter, relators filed the complaint in mandamus that is presently before us.

## II

{¶ 4} R.C. 149.43(B)(1) provides that "all public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." R.C. 149.43(C) provides that "[i]f a person allegedly is aggrieved by the failure of a public office to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, or if a person who has requested a copy of a public record allegedly is aggrieved by the failure of a public office or the person responsible for the public record to make a copy available to the person allegedly aggrieved in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section and that awards reasonable attorney's fees to the person that instituted the mandamus action. The mandamus action may be commenced * * * in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution."

{¶ 5} To be entitled to a writ of mandamus, the relator must generally demonstrate the following: (1) the relator has a clear legal right to the relief requested; (2) the respondent is under a clear legal duty to perform the act requested; and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Cincinnati Enquirer v. Dinkelacker* (2001), 144 Ohio App.3d 725, 729, 761 N.E.2d 656. However, the Supreme Court of Ohio has held that although "[m]andamus is the proper remedy to compel compliance with the Public Records Act, * * * persons requesting records under R.C. 149.43(C) need not establish the lack of an alternative, adequate legal remedy in order to be entitled to the writ. This conclusion is consistent with the provision in R.C. 149.43 of a prompt opportunity to seek judicial review of decisions by public offices to deny access to requested public records." (Citations omitted.) *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency* (2000), 88 Ohio St.3d 166, 171–172, 724 N.E.2d 411.

{¶ 6} The first issue to be addressed is whether the pleadings are public records subject to the provisions of R.C. 149.43. Subject to a list of exceptions, public records are defined as "records kept by any public office." R.C. 149.43(A)(1). "Public office" is defined as "any state agency." R.C. 149.011(A). "State agency" includes "any court or judicial agency" and every office estab-

lished by "the laws of this state for the exercise of any function of state government." R.C. 149.011(B).

{¶ 7} It is undisputed that the Montgomery County Court of Common Pleas and the Montgomery County Clerk of Courts are state agencies and therefore public offices. The issue is whether the pleadings are records.

{¶ 8} R.C. 149.011(G) defines "records" as "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

{¶ 9} The Supreme Court of Ohio has held that if "the requested documents are received by, are under the jurisdiction of, and are utilized by, the court to render its decision, then their retention assures the proper functioning of the governmental unit and, accordingly, could reasonably be classified as 'public records' and required to be kept within the meaning of R.C. 149.43." *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 33, 20 OBR 279, 485 N.E.2d 706.

{¶ 10} "[S]ince a pleading is received by, is under the jurisdiction of, and is utilized by, a public office to render its decision, the retention of the pleading assures the proper functioning of the public office and, accordingly, [it] is classified as a 'record.' See *State ex rel. Mothers Against Drunk Drivers v. Gosser*, 20 Ohio St.3d 30 [20 OBR 279], 485 N.E.2d 706 (1985); *State ex rel. Martinelli v. Corrigan*, 71 Ohio App.3d 243, 593 N.E.2d 364 (Cuyahoga County 1991); Op. No. 74–097. The term 'public record,' as defined in R.C. 149.43(A)(1), thus includes pleadings filed with a court.

{¶ 11} "As noted above, R.C. 149.43(B) clearly mandates that '[a]ll public records shall be promptly * * * made available for inspection to any person at all reasonable times during regular business hours,' and provides for copies to be made upon request. 'This mandate applies to all items which are classified as "public records" under R.C. 149.43(A)(1).' Op. No. 82–104 at 2–285. Since pleadings filed with a court are public records, R.C. 149.43(B) requires that pleadings be made available to any person for inspection at all reasonable times during regular business hours." 1994 Ohio Atty.Gen.Ops. No. 94–089, 1994 WL 701945, at * 2.

{¶ 12} We agree with the conclusion of the Ohio Attorney General in the above-cited opinion of that office. The pleadings in an action, although filed by private parties, invoke and shape the jurisdiction of the court to hear the action and grant relief. In appellate review of a trial court's ruling on a motion to dismiss a

complaint upon the ground that it fails to state a claim upon which relief can be granted, for example, the primary, if not exclusive, focus of the reviewing court would be the complaint itself. The pleadings in an action are critical to a determination of whether the court in which those pleadings are filed has subject matter jurisdiction, which, in turn, determines whether, and to what extent, any judgment it renders in the action must be accorded full faith and credit in a sister state, in accordance with Section 1, Article IV of the United States Constitution. In view of these facts, we conclude that the pleadings in an action document the functions, policies, decisions, procedures, operations, and other activities of the office of the court in which they are filed.

{¶ 13} The Ohio Supreme Court has also stated that "the purpose of Ohio's Public Records Act, R.C. 149.43 * * * is to expose government activity to public scrutiny. * * * [W]e have consistently construed the Public Records Act to provide the broadest access to government records. Therefore, in keeping with policy, it is apparent that court records fall within the broad definition of a public record in R.C. 149.43(A)(1) * * *." (Citation omitted.) *State ex rel. Cincinnati Enquirer v. Winkler,* 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, at ¶ 5.

{¶ 14} The pleadings in this case, as court records, are public records unless the pleadings fall into one of the listed exemptions under R.C. 149.43(A)(1). See id. Because the pleadings are public records, relators do have a clear legal right under the Public Records Act to request and to receive the material, and respondents do have a clear legal duty to comply. Therefore, under the Public Records Act, the trial court is required to make the records in this case available for public inspection unless it finds that one of the listed exemptions under R.C. 149.43(A)(1) apply.

III

{¶ 15} Regarding the stricken exhibits attached to Sager's complaint and supplement to her complaint that have apparently been returned to Sager's counsel, R.C. 149.351(A) provides, "All records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law * * *." "[N]o provision within the Ohio Rules of Civil Procedure, the Ohio Rules of Criminal Procedure, or R.C. 149.43, the public records law, authorizes the removal of a pleading from a court file. R.C. 149.351 prohibits a clerk of court from removing from a court file a pleading that is stricken from the record or an original pleading when a substitute pleading is filed in place of the original pleading, unless removal of the stricken or original pleading is permitted by law or by the appropriate records commission." 1994 Ohio Atty.Gen.Ops. No. 94–089, 1994 WL 701945, at * 4.

{¶ 16} Pursuant to R.C. 149.351(A), the Montgomery County Clerk of Courts was prohibited from removing the stricken exhibits attached to Sager's complaint and supplement to her complaint and returning the stricken exhibits to Sager's counsel.

## IV

{¶ 17} At the hearing on this matter before this court on July 13, 2004, three of the four parties herein—the relators, the respondents, and intervenor Coolidge—all expressed a preference that, in the event we should hold that the pleadings are public records unless one of the exceptions in the statute applies, the trial court, which never reached the issue of the exceptions, should have the opportunity to hold any necessary hearings and make the determination whether any of the statutory exceptions apply. Only intervenor Sager expressed a preference for this court to make that determination. Specifically, the relators, who have invoked their rights under the Ohio Public Records Act, have expressed a preference that the trial court should, after appropriate proceedings, make the determination whether, and to what extent, any exceptions in the Ohio Public Records Act apply.

{¶ 18} At the hearing in this court, Coolidge maintained that exceptions apply with respect to certain matters contained in the pleadings that are trade secrets and also with respect to certain matters that are within the attorney-client privilege. Coolidge expressed its willingness to permit a hearing, open to the public, with respect to its claims that certain matters are trade secrets but expressed its desire to put forth its evidence to establish the existence of the attorney-client privilege in an in camera proceeding, closed to all but itself, its trial counsel, its witnesses, any witnesses called by the court, the trial judge, the court reporter, and any necessary court personnel. It argued that the fact that certain matters contained in the pleadings lie within the attorney-client privilege is not in every instance evident from the documents themselves but will require extrinsic proof, and to present that proof in open court would compromise the attorney-client privilege.

{¶ 19} We leave the mechanics of the trial court's proceeding with respect to Coolidge's claims of statutory exceptions to disclosure under the Ohio Public Records Act to the trial court's sound discretion, but we do note that we find plausible Coolidge's argument that only an in camera proceeding, open to it, its counsel, the witnesses, and to essential court personnel, will adequately protect any confidentiality to which it may, in fact, be entitled.

{¶ 20} We grant relators a conditional writ of mandamus, directing respondents to permit the public inspection of the pleadings and exhibits filed in the case of *Sager v. Coolidge, Wall, Womsley and Lombard Co., LPA,* Case No.

2004–CV–3938, unless the trial court, within 90 days from the date of this entry, holds a hearing and determines that one or more of the listed exemptions under R.C. 149.43(A)(1) applies. In addition, we grant relators a writ of mandamus directing the trial court to enter an order requiring Sager's counsel to return the stricken exhibits to the trial court and to make the stricken exhibits a part of the record in the case of *Sager v. Coolidge, Wall, Womsley and Lombard Co., LPA,* Case No. 2004–CV–3938. In doing so, the trial court may exercise discretion to order the returned exhibits sealed until it determines whether, and to what extent, the exhibits are subject to disclosure under the Ohio Public Records Act.

{¶ 21} Pursuant to Civ.R. 54(B), we determine that there is no just reason for delay with respect to this order.

So ordered.

FAIN, P.J., GRADY and FREDERICK N. YOUNG, JJ., concur.