[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} This matter is before the Court on a petition for writ of mandamus, filed by Harland Watson, pro se, against the Respondent, Montgomery County Clerk of Courts, Dan Foley. The Relator, who was convicted in 2002 of gross sexual imposition with a child under the age of thirteen, asks this Court to issue an order directing the Respondent to provide him with a copy of the "sentencing judgment entry" from his criminal matter, pursuant to R.C. § 149.43. The Respondent has filed a motion to dismiss to which the Relator has not responded.
 {¶ 2} "Mandamus is the appropriate remedy to seek compliance with the Public Records Act under R.C. 149.43." State ex rel.Cincinnati Enquirer v. Winkler (2004), 101 Ohio St.3d 382, 383,2004-Ohio-1581, 805 N.E.2d 1094. To be entitled to a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear legal right to the relief requested; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the petitioner has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v. Huffman
(1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279. However, persons requesting records under R.C. § 149.43(C) need not establish the lack of an alternative, adequate legal remedy to be entitled to the writ. State ex rel. Miami Valley Broadcasting Corp. v.Davis (2004), 158 Ohio App.3d 98, 2004-Ohio-3860, 101,814 N.E.2d 88.
 {¶ 3} The Respondent asserts that the Relator is not entitled to a writ of mandamus, because he has failed to comply with the requirements of R.C. § 149.43(B)(4). That section of the Public Records Act states, in relevant part, "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution . . . unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. § 149.43(B)(4).
 {¶ 4} Here, the Relator is in prison pursuant to his conviction for gross sexual imposition.[1] He has requested, from the Respondent, a copy of "sentencing judgment entry" from these convictions. Such a document is a public record concerning a criminal prosecution, under R.C. § 149.43(B)(4). As such, before he is entitled to a copy of this document, the Relator is required, pursuant to R.C. § 149.43(B)(4), to obtain a finding from the judge who imposed his sentence, or that judge's successor, that the information sought is necessary to support a justiciable claim. The Relator has obtained no such finding. Thus, he has failed make even a threshold showing that he entitled to the relief requested. See State ex rel. Becker v.Ohio State Hwy. Patrol (2003), Franklin App. No, 02AP-918, 2003-Ohio-1450 ("when an inmate has failed to obtain the trial judge's approval, a writ of mandamus cannot be granted because the inmate does not have a clear legal right to have access to the public records"), quoting Holder v. Chester Twp. (2002), Geauga App. No. 2002-G-2461, 2002-Ohio-7168.
 {¶ 5} Furthermore, the Relator has failed to comply with the requirements of R.C. § 2969.25. Under R.C. § 2969.25, "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The Supreme Court has held that "[t]he requirements of R.C. 2969.25
are mandatory, and failure to comply with them subjects an inmate's action to dismissal." State ex rel. Norris v. Giavasis
(2003), 100 Ohio St.3d 371, 372, 2003-Ohio-6609, 800 N.E.2d 365,366. Thus, for this additional reason, the Relator's petition must be dismissed.
 {¶ 6} WHEREFORE, the Respondent's motion to dismiss is hereby GRANTED. The Relator's petition for a writ of mandamus is DENIED and this matter is DISMISSED. Costs shall be borne by the Relator.
 {¶ 7} IT IS SO ORDERED.
[1] Montgomery County Court of Common Pleas Case No. 2001-CR-2839.