DAVIS et al., Appellants,

v.

The CINCINNATI ENQUIRER, Appellee.

CNG Financial Corporation et al., Appellants,

v.

The Cincinnati Enquirer, Appellee.

[Cite as *Davis v. Cincinnati Enquirer*, 164 Ohio App.3d 36, 2005-Ohio-5719.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–050254 and C–050269.

Decided Oct. 28, 2005.

Katz, Teller, Brant & Hild and Jerome S. Teller; William A. Busmeyer Co., L.P.A., and William A Busmeyer; and Gerhardstein, Branch & Laufman and Alphonse A. Gerhardstein, for appellants Judith M. Davis and Allen L. Davis.

Squire, Sanders & Dempsey, L.L.P., Gregory A. Ruehlmann, and Pierre H. Bergeron, for appellants CNG Financial Corporation and The 409 Group, Inc.

Murdock, Goldenberg, Schneider & Groh, L.P.A., John C. Murdock, and Todd B. Naylor, for appellee.

DOAN, Presiding Judge.

{¶ 1} The heart of this case is a request for disclosure of public records by appellee, Cincinnati Enquirer, under R.C. 149.43, but it involves a unique set of facts. Because we hold that the procedure used to obtain the records was improper, we reverse the trial court's judgment.

{¶ 2} Appellant Judith M. Davis filed a complaint seeking a divorce from appellant Allen L. Davis. She also named as defendants, appellants CNG Financial Corporation and 409 Group, Inc. (collectively, "CNG"). She alleged that Allen was a major shareholder in CNG and that the company possessed marital property. Subsequently, Judith filed a motion "to seal all the pleadings and to delete all pleadings from the [I]nternet." She contended that to fully litigate her rights to an equitable division of marital property and spousal support, she would have to disclose highly sensitive financial information regarding CNG that would not be in the parties' best interest to disclose to the general public. The domestic relations court granted the motion and ordered the record sealed. The court entered a final divorce decree on December 27, 2002.

{¶ 3} Subsequently, Allen became embroiled in a major federal lawsuit involving his dealings with CNG. Judith later sought to intervene in that case. On March 9, 2005, James McNair, a reporter for the Cincinnati Enquirer, mailed a public-records request to the Hamilton County Clerk of Courts and the domestic relations judge who had presided over the Davises' divorce case. He asked that they make available for inspection all records related to the case. The domestic relations judge sent a letter stating that the court would comply with McNair's request.

{¶ 4} The Davises were notified of the request. They filed a motion for a hearing on the request to inspect the sealed records and a memorandum opposing

the request under the previous domestic-relations case number. They contended that the divorce records contained documents that were not public records under R.C. 149.43(A)(1)(v), because they were "[r]ecords the release of which is prohibited by state or federal law." CNG filed its own memorandum joining the Davises in opposing the Enquirer's request. The Enquirer, which did not move to intervene or to be joined as a party in any way, filed a memorandum in response to the Davises' memorandum.

{¶ 5} The court issued an entry unsealing the record for purposes of the public-records request. It stated that any record used by a court to render a decision was a public record under R.C. 149.43. It went on to state that "[t]he parties cite two hundred and forty statutes in Ohio that they claim make information exempt from the public record. Despite the volume of cited authority, the Court finds each inapplicable. The parties have not supported their claim that the financial information contained in the court's file is entitled to protection from disclosure under R.C. Section 149.43. All requested information except social security numbers, license numbers, employer identification numbers, financial account numbers, and any information that could be used for identity theft are public records." It ordered that the portions of the record that did not require redacting be made available immediately and that any portions to be redacted be made available by a certain date.

{¶ 6} The Davises and CNG both appealed the trial court's decision. This court granted the Davises' motion to stay the order unsealing the records in the divorce, and we ordered the record to be sealed during the pendency of this appeal or until further order of the court. We also granted the Enquirer's motion to intervene.

{¶ 7} Both the Davises and CNG assert the same assignment of error. They contend that the trial court erred in ordering the record in the divorce case unsealed for a public-records inspection. We do not reach the merits of these assignments of error, because we hold that the procedure used in this case was improper.

{¶ 8} The procedural posture in this case is different from most public-records cases. In virtually every case in Ohio that our research has uncovered, a media outlet or other individual sought access to public records, the governmental entity failed to provide those records or claimed that they were exempt, and the media outlet then filed an action in mandamus. R.C. 149.43(C) specifically provides that "[i]f a person allegedly is aggrieved by the failure of a public office to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section, * * * the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B)

of this section * * *." Courts have repeatedly held that mandamus is the proper remedy to seek compliance with the Public Records Act. *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, ¶ 18; *State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 4.

{¶ 9} In this case, the Enquirer requested to inspect the alleged public records, and the domestic relations court agreed to allow the inspection. We note that the domestic relations judge's initial decision to allow the Enquirer reporter to inspect the records was not in a judicial capacity, but in the capacity of a person responsible for the public records. See *Rudduck*, supra, at ¶ 14–17.

{¶ 10} The Davises and CNG objected, claiming that the records were not public records. While they had standing to object, the filing of those objections in the domestic relations court under their divorce case number was problematic. See *State ex rel. Cincinnati Post v. Court of Appeals, Second Appellate Judicial Dist.* (1992), 65 Ohio St.3d 378, 382, 604 N.E.2d 153; *State ex rel. Beacon Journal Publishing Co. v. Radel* (June 1, 1992), 5th Dist. No. CA–8192, 1992 WL 127149, reversed on other grounds (1991), 57 Ohio St.3d 102, 566 N.E.2d 661. Further, once the Davises and CNG filed their objections under the divorce case number, the domestic relations court began acting in its judicial capacity.

{¶ 11} The jurisdiction of the domestic relations court is statutory, and it is limited by statute to the determination of domestic relations matters. R.C. 3105.011; *Gibson v. Gibson* (1993), 87 Ohio App.3d 426, 431, 622 N.E.2d 425. Certainly the domestic relations court can decide the issue of whether to seal or unseal its own records. If no party raises an issue related to the Public Records Act in a case involving a request to seal or unseal the record, the domestic relations court can properly decide the issue.

{¶ 12} But the Public Records Act takes precedence when the record is not sealed under any statutory authority. See *Rudduck*, supra, at ¶ 11; *Dzina v. Dzina*, 8th Dist. No. 80029, 2002-Ohio-2753, 2002 WL 1265585, fn. 2. Documents used by a court to render a decision are public records. *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 24–27; *State ex rel. Miami Valley Broadcasting Corp. v. Davis*, 158 Ohio App.3d 98, 2004-Ohio-3860, 814 N.E.2d 88, ¶ 9–10; *State ex rel. Cincinnati Enquirer v. Dinkelacker* (2001), 144 Ohio App.3d 725, 729, 761 N.E.2d 656. We note that, as a general rule, courts should not order the blanket sealing of records. *Dzina*, supra, at ¶ 24, fn. 2.

{¶ 13} Ultimately, the issue of whether records are public records under the Public Records Act is a separate issue from the issue of whether a court's record should be sealed. It is an issue for which the legislature has deemed a

separate action to be necessary and appropriate. The actual issue presented in this case was whether the disputed records were public records, which was simply not a domestic relations matter. See *Gibson, supra*, 87 Ohio App.3d at 431, 622 N.E.2d 425; *Fields v. Fields* (1987), 39 Ohio App.3d 187, 193, 530 N.E.2d 933.

{¶ 14} Further, there is no way that the Enquirer could properly have been before the domestic relations court in the divorce case. The civil rules do not allow for intervention in a divorce case. A third party may be joined as a defendant if that party possesses, controls, or claims an interest in property out of which the husband or wife seeks an award of spousal or other support. Civ.R. 75(B); *Maher v. Maher* (1978), 64 Ohio App.2d 22, 23–24, 18 O.O.3d 14, 410 N.E.2d 1260; *Chrisman v. Chrisman* (Mar. 13, 2000), 12th Dist. No. CA99–01–066, 2000 WL 270051. This rule does not apply to the Enquirer in this case, and therefore the Enquirer was a stranger to the case and should not have been permitted to file motions or memoranda. In hindsight, even allowing the Enquirer to intervene in this appeal was arguably improper, see *State ex rel. Portune v. Natl. Football League*, 155 Ohio App.3d 314, 2003-Ohio-6195, 800 N.E.2d 1188, ¶ 13, but given the convoluted procedural posture of this case, little else could be done to get the Enquirer properly before this court.

{¶ 15} What, then, was the proper procedure? Certainly, once the domestic relations court granted the Davises' and CNG's motion to stay its decision unsealing the record, the Enquirer could have filed a separate action for mandamus, which was precisely what occurred in *Rudduck, supra*. In that case, the Ohio Supreme Court granted the writ of mandamus despite a separate action contesting the domestic relations court's decision to unseal a divorce record in which the court had stayed an order unsealing the record. Id. at ¶ 1–6 and 18.

{¶ 16} But the court did not stay the order until after the Davises had improperly filed their objections under the divorce case number. Since it was improper for the domestic relations court to consider the Davises' and CNG's claim that the documents were not public records in the first place, what then should the Davises and CNG have done? What recourse did they have once the domestic relations judge, in the capacity of a person responsible for the records, decided to allow the Enquirer to inspect them?

{¶ 17} We believe that they too should have filed a separate action for a writ of mandamus. We have thoroughly examined the other extraordinary writs and remedies, and we conclude that none of them would have been appropriate under the present circumstances. The legislature has determined that mandamus is the appropriate remedy in a public-records case, and we hold that it applied to the Davises' situation.

{¶ 18} To be entitled to a writ of mandamus, the relator must show (1) that it possesses a clear legal right to the relief sought, (2) that the respondents are under a clear legal duty to perform the requested act, and (3) that the relator has no plain and adequate remedy at law. *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 80, 526 N.E.2d 786; *State ex rel. Cincinnati Enquirer v. Dinkelacker* (2001), 144 Ohio App.3d 725, 729, 761 N.E.2d 656. If a document is not a public record because its disclosure is prohibited by state or federal law, then the person responsible for the record has a clear legal duty not to allow its disclosure and the person named in the record has a clear legal right not to have it disclosed.

{¶ 19} Accordingly, we hold that the proper procedure in any case seeking the enforcement of the Public Records Act is an action for a writ of mandamus. As to this case, as we have previously stated, documents used by a court to render a decision are public records. Courts must liberally construe R.C. 149.43 in favor of broad access to the records. *WBNS TV,* supra, at ¶ 24–27; *Miami Valley Broadcasting Corp.,* supra, at ¶ 9–10; *Dinkelacker,* supra, 144 Ohio App.3d at 729, 761 N.E.2d 656. Nevertheless, some of the documents in the divorce case were clearly records the release of which was prohibited by state or federal law, such as tax returns. In a mandamus action, the court would have to individually review all the documents in camera and determine if they are public records and whether any public records should be released with the proper redactions. See *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535, 541–542, 721 N.E.2d 1044; *State ex rel. Wallace v. State Med. Bd.* (2000), 89 Ohio St.3d 431, 437–438, 732 N.E.2d 960; *State ex rel. Cincinnati Enquirer v. Adcock,* 1st Dist. No. C–040064, 2004-Ohio-7130, 2004 WL 3015324, ¶ 8.

{¶ 20} Since the domestic relations court was without authority to decide the public-records case or to consider any documents filed by the Enquirer, we reverse its judgment unsealing the record in the underlying divorce case. We remand the case to the domestic relations court to strike the pleadings and to vacate its order.

Judgment reversed
and cause remanded.

PAINTER, J., concurs.

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, Judge, concurring separately.

{¶ 21} Although I agree with the ultimate disposition of the appeal as set forth in the lead opinion, I concur separately to emphasize that the analysis of the lead opinion goes beyond what is necessary for adjudicating the assignment of error

presented to this court. As the lead opinion indicates, the issue of the public-records request was never properly presented to the domestic relations court, because the Enquirer was not a party to the litigation and possessed no other standing to assert its right to the sealed records. Accordingly, our order to strike the pleadings is correct.

{¶ 22} But the lead opinion's analysis extends to what the Davises should have done in response to the trial court's decision to unseal the records. In my view, this analysis is purely dicta and advisory in nature. If the public-records request was void ab initio and the pleadings relating to that request must be stricken, there is no necessity for this court to elucidate the Davises' proper response. I would merely strike the pleadings on the basis stated in the lead opinion and refrain from further comment. Accordingly, I concur separately.