JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant the City of Newburgh Heights appeals from the trial court order that denied its Civ.R. 12(C) motion for judgment on the pleadings filed in this case.
 {¶ 2} The village asserts that it is "entitled to judgment as a matter of law" on the complaint filed by plaintiffs-appellees Carla Rucker and Anthony Tanker. It makes this assertion based upon R.C. Chapter 2744, which confers to political subdivisions certain immunities from liability. The village, accordingly, has filed its appeal from the trial court order pursuant to R.C. 2744.02(C). *Page 2 
 {¶ 3} Appellees have filed a motion to dismiss this appeal for lack of a final, appealable order which has been referred to the merit panel for decision. Pursuant to the recent pronouncement by the Ohio Supreme Court as set forth in Hubbell v. City of Xenia, 115 Ohio St.3d 77,2007-Ohio-4839, this court concludes that the order from which the village appeals is a final, appealable order; therefore, appellees' motion is denied.
 {¶ 4} Moreover, a review of the record demonstrates the village assertion has merit; consequently, its assignment of error is sustained, and judgment is entered for the village.
 {¶ 5} The record reflects appellees filed their action against the village claiming violations of the Ohio Public Records Act, "excessive force," discrimination, and retaliation in certain encounters between appellees and village employees. Appellant filed an answer in which it denied the pertinent allegations and also asserted several affirmative defenses, including "all the defenses and immunities pursuant to Chapter 2744 of the Ohio Revised Code * * *."
 {¶ 6} Appellant additionally filed a motion for judgment on the pleadings. Appellant argued that it was entitled to "blanket immunity" on each of appellees' claims because "the actions taken with respect to [appellees] were in the performance of a governmental function." *Page 3 
 {¶ 7} Appellees opposed the motion,[1] prompting a brief in reply from the village. The trial court ultimately denied the village's motion without opinion. It is from that order that the village filed its notice of appeal.
 {¶ 8} Although the foregoing facts make this case akin to the situation presented in State Auto Mut. Ins. Co. v. Titanium MetalsCorp., 108 Ohio St.3d 540, 2006-Ohio-1713, in which the supreme court "held that the denial of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim was not a final, appealable order," the supreme court recently has distinguished that case in Hubbell v. Xenia, supra, and directed appellate courts to consider the merits of the appeal. See, e.g., Huffman v. City of Willoughby, Lake App. No. 2007-L-040,2007-Ohio-7120, ¶ 15.
 {¶ 9} Upon a Civ.R. 12(C) motion for judgment on the pleadings, the party against whom the motion is made is entitled to have all the material allegations, with all reasonable inferences to be drawn therefrom, construed in his or her favor as true. Peterson v.Teodosio (1973), 34 Ohio St.2d 161. The trial court in this case simply denied the village's motion, but, even in light of the foregoing standard, in so doing, the trial court erred.
 {¶ 10} With respect to appellees' claims of violations of the Public Records Act, "[c]ourts have repeatedly held that mandamus is the proper remedy to seek *Page 4 
compliance * * *." Davis v. The Cincinnati Enquirer, 164 Ohio App.3d 36,2005-Ohio-5719, ¶ 8. See also, R.C. 149.43(C)(1). Since appellees failed to follow the proper procedure in making these claims, the village was entitled to judgment in its favor on them. Davis, supra, ¶ 20.
 {¶ 11} Furthermore, the plain language of R.C. 2744.02(A)(1) in pertinent part states that, except as provided in subsection (B), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 12} Although subsection (B) sets forth five exceptions, none applies to the allegations appellees put forth in their complaint. Appellees did not allege their injuries were caused by either the "negligent operation of a motor vehicle," the "negligent performance of acts by [appellant's] employees with respect to proprietary functions,"[2] any problems with the appellant's roads, any defects in appellant's grounds or buildings, or because "civil liability [was] expressly imposed by a section of the Revised Code."
 {¶ 13} Since the remaining allegations of appellees' complaint fell within the immunity afforded to political subdivisions by R.C.2744.02(A), and appellees *Page 5 
presented no allegations that any exceptions to immunity applied, the trial court erred in denying appellant's motion for judgment on the pleadings.
 {¶ 14} Appellant's assignment of error is sustained.
 {¶ 15} The order of the trial court is reversed. Judgment for appellant.
It is ordered that appellant recover from appellees costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR
[1] Appellees attached an affidavit to their brief, thus seeking to introduce material outside of the pleadings themselves.
[2] Defined in R.C. 2744.01(G). Appellees' allegations involved only governmental functions, as defined in R.C. 2744.01(C). *Page 1