OPINION
{¶ 1} The city of Cincinnati ("City") appeals the denial of its motion to intervene in the administrative appeal taken by Queen City Lodge No. 69, Fraternal Order of Police ("FOP"), from the State Employment Relations Board's ("SERB") decision absolving the City of the FOP's unfair-labor-practice charges. We do not reach the merits of the challenge presented on appeal because the entry from which the City appeals is not a final appealable order.
 {¶ 2} In 2001, the City's charter was amended to allow the city manager to appoint the City's administrative and managerial personnel. In 2002, the FOP filed two unfair-labor-practice charges against the City, alleging that the amendment had prevented the promotion of two union members to the rank of assistant chief. In the fall of 2005, following proceedings in which SERB had permitted the FOP to intervene, SERB dismissed the charges upon its determination that the City had not committed unfair labor practices.
 {¶ 3} The FOP appealed to the Hamilton County Common Pleas Court. On the notices of appeal, the FOP listed the city solicitor, along with the FOP's counsel and SERB's counsel, and it certified that SERB and the City had been served. But the FOP designated itself as the appellant and SERB as the appellee; it did not designate the City as an appellee.
 {¶ 4} On February 27, 2006, four months after the FOP had appealed, three weeks after the FOP had filed its appellate brief, and four days before SERB's brief was due, the City filed a Civ.R. 24 motion to intervene in the now-consolidated appeals. The City asserted that Civ.R. 24(A)(2) conferred upon it a right to intervene in the appeals because it had a strong interest in preserving SERB's decision, and because SERB could not be expected to adequately represent that interest, when the City, rather than SERB, would be the entity affected by an appellate judgment favorable to the FOP. The City further argued that it had satisfied Civ.R. 24's requirement that its motion to intervene be timely and that intervention would not prejudice the parties, because the City was prepared to file its brief on the date SERB's brief was due, four days hence. Four days later, the City filed a motion to proffer its appellate brief and attached the brief to its motion.
 {¶ 5} SERB notified the court that it did not oppose the City's intervention. But the FOP opposed intervention, arguing that the motion was untimely, and that SERB could adequately represent the City's interest.
 {¶ 6} On March 31, 2006, following a hearing, a magistrate for the common pleas court overruled the motion to intervene. On May 23, the common pleas court overruled the City's objections to the magistrate's decision denying intervention. The City now appeals.
 I. The Judgment Denying Intervention Was Not a FinalAppealable Order {¶ 7} Section 3(B)(2), Article IV of the Ohio Constitution confers upon a court of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." R.C. 2505.03(A) limits the jurisdiction of a court of appeals to reviewing "final orders, judgments or decrees."
 {¶ 8} R.C. 2505.02(B) defines a "final order" to include "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment." It also includes "[a]n order that affects a substantial right made in a special proceeding." And it includes "[a]n order that * * * denies a provisional remedy," when, with respect to the provisional remedy, "[t]he order in effect determines the action * * * and prevents a judgment in the action," and "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment in the action as to all proceedings, issues, claims, and parties in the action."[1]
 {¶ 9} When, as here, an action involves multiple parties, Civ.R. 54(B) authorizes the trial court to "enter final judgment as to one or more but fewer than all of the * * * parties[, but] only upon an express determination that there is no just reason for delay." In the absence of the court's certification under Civ.R. 54(B) that there is no just reason for delay, such a judgment "is subject to revision at any time before the entry of judgment adjudicating * * * the rights and liabilities of all the parties." Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order. It can, however, render appealable a final order entered in an action that involves multiple parties when the order adjudicates the rights and liabilities of fewer than all the parties.[2]
 {¶ 10} We note that the Ohio Supreme Court presently has before it the issue of whether an entry denying a motion to intervene is a final appealable order.[3] Pending the resolution of this conflict, we follow the precedent set by our decision in Williams v. Winston to hold that an entry overruling a motion to intervene is a final appealable order only if it satisfies R.C. 2505.02 and, when applicable, App.R. 54(B).[4]
 {¶ 11} Here, the FOP appealed SERB's decisions to the common pleas court under R.C. Chapter 119. The City's motion to intervene in the FOP's administrative appeals presented a matter ancillary to the appeals. And the common pleas court's May 23, 2006, entry overruling the City's objections to the magistrate's decision denying intervention affected a substantial right and effectively determined the action and prevented a judgment for the City. Thus, the judgment from which the City appeals may fairly be said to meet the definition of a "final order" provided under R.C. 2505.02(B)(1), (2), or (4).[5]
 {¶ 12} But the judgment left unadjudicated the substantive claims of the parties to the administrative appeals. And the common pleas court did not certify under Civ.R. 54(B) that there was no just reason for delay. In the absence of Civ.R. 54(B) certification, the common pleas court's judgment denying the City's motion to intervene is not appealable.[6] And in the absence of a final appealable order, we are without jurisdiction to entertain the appeal.
 II. A Judgment Denying Intervention is Reviewable on Appealfrom a Final Appealable Order {¶ 13} Although the common pleas court's judgment denying intervention was not a final appealable order, it became reviewable on appeal from the court's entry of final judgment for the FOP on the merits. After intervention was denied, the magistrate heard the FOP's appeals on their merits. The City sought to stay the proceedings pending its appeal to this court on the denial of intervention, but the common pleas court denied the stay. On June 15, 2006, the magistrate issued a decision setting aside SERB's decision. And on August 25, the common pleas court overruled SERB's objections to the magistrate's decision. From this judgment, SERB, in the case numbered C-060782, and the City, in the case numbered C-060809, appealed.
 {¶ 14} On October 19, 2006, we dismissed the City's appeal from the August 25 entry of judgment for the FOP on the merits, because the City had not been a party to the proceedings before the common pleas court.[7] And we here dismiss for want of jurisdiction the City's appeal from the May 23 entry denying intervention. Thus, only SERB's appeal from the entry of final judgment on the merits remains pending.
 {¶ 15} Standing to appeal a judgment is conferred by the appellant's status as an "aggrieved party," that is, one who has a present interest in the litigation's subject matter that has been prejudiced by a lower court's entry of final judgment.[8] SERB, in its appeal, cannot assign as error the common pleas court's decision denying the City's motion to intervene because SERB cannot be said to be "aggrieved" by that decision. And the City, although "aggrieved" by the decision denying intervention, cannot challenge the decision in SERB's appeal because the City is not a party to SERB's appeal.
 {¶ 16} App.R. 29(B) permits a nonparty to be substituted for a party in an appeal when substitution is "necessary." But in State ex rel.Portune v. NFL, we followed the lead of the federal courts to hold that substitution under App.R. 29(B) is "necessary" only when the party is unable to continue to prosecute the appeal, not when the party volunteers to step aside.[9]
 {¶ 17} The appellate rules provide no procedure for a party to join an appeal through intervention. But Civ.R. 24 does. And Civ.R. 1(C) provides that the civil rules apply in an appeal when the rules are not "by their nature * * * clearly inapplicable." Moreover, federal circuit courts of appeal have permitted intervention at the appellate level under Fed.R.Civ.P. 24(a).[10] And we have recognized that "in an exceptional case, for reasons that are deemed imperative," a nonparty may intervene in a case after jurisdiction has been transferred to an appellate court.[11] Thus, a motion to intervene in SERB's appeal would provide a means for the City to challenge on appeal the common pleas court's judgment denying intervention.
 III. We Dismiss the City's Appeal {¶ 18} Because the entry from which the City appeals is not a final appealable order, we are without jurisdiction to entertain its appeal. We, therefore, dismiss the appeal.
Appeal dismissed.
SUNDERMANN, J., concurs.
PAINTER, J., concurs separately.
[1] See R.C. 2505.02(B)(1), (2), and (4).
[2] See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 354, 617 N.E.2d 1136.
[3] In Gehm v. Timberline Post Frame, 108 Ohio St.3d 1434,2006-Ohio-421, 842 N.E.2d 61, the court determined that a conflict existed among the Ninth, Fifth, and Eleventh Appellate Districts on the following issue: "Whether the denial of a motion for leave to intervene on behalf of an insurer for purposes of participating in discovery and submitting jury interrogatories is a final appealable order pursuant to R.C. 2505.02."
[4] (Oct. 11, 1995), 1st Dist. No. C-940746.
[5] See the definitions of "substantial right," "special proceeding," and "provisional remedy" provided under R.C. 2505.02(A)(1), (2), and (3).
[6] See Williams v. Winston, supra.
[7] See App.R. 4(A)
[8] See Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992),64 Ohio St.3d 24, 591 N.E.2d 1203.
[9] 155 Ohio App. 3d 314, 316-317, 2003-Ohio-6195,800 N.E.2d 1188.
[10] See, e.g., Mangual v. Rotger-Sabat, (C.A.1, 2003), 317 F.3d 45,62.
[11] See State ex rel. Portune v. NFL, 155 Ohio App. 3d at 319 (citingState ex rel. First New Shiloh Baptist Church v. Meagher [1998],82 Ohio St.3d 501, 503-504, 1998-Ohio-192, 696 N.E.2d 1058); see, also,State v. McGettrick (1987), 31 Ohio St.3d 138, 144, 509 N.E.2d 378, fn. 5 (cautioning that "under ordinary circumstances, neither the Ohio Rules of Criminal Procedure nor the Ohio Rules of Civil Procedure are applicable to cases on appeal").