[Cite as *State ex rel. Perkins v. Medina Cty. Bd. of Commrs.*, 2020-Ohio-3913.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO ex rel.
CURTIS PERKINS

      Appellant

      v.

MEDINA COUNTY BOARD OF
COMMISSIONERS, et al.

      Appellees

C.A. No.     19CA0051-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18 CIV 1035

DECISION AND JOURNAL ENTRY

Dated: August 3, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, State Ohio ex rel. Curtis Perkins ("Mr. Perkins"), appeals from the judgment of the Medina County Court of Common Pleas dismissing his taxpayer action. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Perkins filed a taxpayer action on behalf of Medina County pursuant to R.C. 309.12 and 309.13 to restrain and enjoin the performance of a contract between the Board of Commissioners of Medina County acting in its capacity as the Board of Directors of the Medina County Solid Waste Management District ("the Board") and Rumpke of Ohio, Inc. ("Rumpke") for the repair and modification of the Medina County Solid Waste District Facility (the "Facility") and the operation of the Facility. Mr. Perkins alleged that the contract was illegal and void because it was not procured in accordance with the competitive bidding requirements, nor was it procured

in good faith. Additionally, he alleged the contract allowed for the unlawful expenditure of taxpayer money. The Board and Rumpke filed individual answers, both of which included the affirmative defense that Mr. Perkins failed to secure the costs for a statutory taxpayer action pursuant to R.C. 309.13.

{¶3} Prior to the initial pretrial, the Board and Rumpke filed a joint motion for judgment on the pleadings, raising four different bases for the dismissal of Mr. Perkins' taxpayer action. Mr. Perkins filed a brief in opposition and the Board and Rumpke filed a joint reply brief. The trial court granted the motion for judgment on the pleadings solely on the basis that the trial court did not have jurisdiction over this matter because Mr. Perkins did not secure the costs for a statutory taxpayer action as required by R.C. 309.13.

{¶4} Mr. Perkins filed a motion for relief from judgment and a week later he timely filed an appeal of the judgment dismissing his taxpayer action. In conjunction with the notice of appeal, Mr. Perkins filed a motion for remand for the trial court to rule on his pending motion for relief from judgment. The Board and Rumpke opposed the motion for remand. This Court granted the motion for remand for a period of 60 days, during which time the trial court denied Mr. Perkins' motion for relief from judgment. Following the expiration of the remand, Mr. Perkins did not amend his notice of appeal to include the trial court's denial of his motion for relief from judgment.

{¶5} Mr. Perkins has presented one assignment of error based upon the trial court's judgment granting the motion for judgment on the pleadings and dismissing his taxpayer action.

II.

**ASSIGNMENT OF ERROR**

APPELLANT STATE OF OHIO EX REL. CURTIS PERKINS HAVING DEPOSITED WITH THE CLERK OF THE TRIAL COURT FUNDS IN THE AMOUNT PRESCRIBED BY THAT COURT'S LOCAL RULES "TO SECURE THE PAYMENT OF COSTS" WHEN HE COMMENCED THE UNDERLYING

R.C. §309.13 TAXPAYER ACTION, THE TRIAL COURT ERRED BY DISMISSING THAT ACTION FOR MR. PERKINS' ALLEGED FAILURE TO SATISFY THE "SECURING THE COSTS" REQUIREMENT IN R.C. §309.13.

{¶6} Mr. Perkins contends that the trial court erred when it dismissed his taxpayer action because his payment of the filing fee as required by the Medina County Local Rules was security for the costs of a statutory taxpayer action as required by R.C. 309.13. We disagree.

{¶7} A Civ.R. 12(C) motion for judgment on the pleadings is filed "[a]fter the pleadings are closed" and is akin to a delayed Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. Civ.R. 12(C); *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). A motion for judgment on the pleadings "presents only questions of law." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). A determination of a motion for judgment on the pleadings is limited to the allegations in the pleadings and any documents attached and incorporated thereto. *Id.*; *Green Tree Servicing, L.L.C. v. Olds*, 9th Dist. Summit No. 27297, 2015-Ohio-3214, ¶ 22. *See Pontious* at 569 (noting that Civ.R. 12(C) considers both the complaint and answer). This Court reviews the grant of a motion for judgment on the pleadings de novo. *Padula v. Wagner,* 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 12.

{¶8} The Board and Rumpke's motion for judgment on the pleadings sought to dismiss Mr. Perkins' statutory taxpayer action because he failed to satisfy the jurisdictional requirement of securing the costs in a statutory taxpayer suit.

{¶9}  "The right to bring a taxpayer action is a right conferred by statute." *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 150 Ohio App.3d 728, 2002-Ohio-7078, ¶ 25 (1st Dist.).  In Ohio, a statutory taxpayer action may be brought on behalf of a municipality or a county and requires the taxpayer to secure the costs of the proceedings.  *See id.*; R.C. 733.59; R.C. 309.13. The Ohio Supreme Court has held that the posting of security is a jurisdictional requirement to bringing a statutory taxpayer action.  *See State ex rel. Citizens for a Better Portsmouth v. Sydnor*, 61 Ohio St.3d 49, 54 (1991) (as applied to R.C. 733.59), citing *State ex rel. Houghton v. Pethtel*, 138 Ohio St. 20, 23 (1941) (as applied to G.C. 2922).  *See generally State ex rel. Portune v. Natl. Football League*, 155 Ohio App.3d 314, 2003-Ohio-6195, ¶ 10 (1st Dist.) (recognizing G.C. 2922 as the predecessor to R.C. 309.13).  When a taxpayer fails to provide security for the costs of the proceedings, there is not a proper statutory taxpayer action, but rather a common-law taxpayer action. [1]  *Sydnor* at 54.

{¶10}  In the instant matter, Mr. Perkins filed a county taxpayer action pursuant R.C. 309.13.  In order to proceed with this statutory county taxpayer action, Mr. Perkins concurs that he was required to secure the costs of the proceedings.  Mr. Perkins argues that his payment of a deposit in the amount of $350.00 to the Medina County Clerk of Court[2] fulfilled the jurisdictional requirement in R.C. 309.13 of securing the costs of the proceedings.

---

[1] We, however, do not reach the issue of whether Mr. Perkins' taxpayer action was a common-law taxpayer suit because neither the parties nor the trial court addressed that issue.

[2] Attached to Mr. Perkins' brief in opposition to the motion for the judgment on the pleadings was a copy of a receipt from the Medina County Clerk of Court evidencing his payment of the $350.00 filing fee in this matter.  While the receipt is outside of the pleadings, the amount Mr. Perkins paid as the filing fee in this matter was a part of the trial court's docket.  A trial court is permitted to "take judicial notice of its own docket in the immediate case" when deciding a Civ.R. 12(C) motion.  *Whitehead v. Skillman Corp.*, 12th Dist. Butler No. CA2014-03-061, 2014-Ohio-4893, ¶ 8.

{¶11} Mr. Perkins relies upon Loc.R. 16(B) of the Court of Common Pleas of Medina County, General Division which states in pertinent part that "[n]o civil action or proceeding shall be accepted for filing unless there is deposited as security for costs the amount set forth on the Fee Schedule of the Medina County Clerk of Courts." The "Fee Schedule" referenced in Loc.R. 16(B) sets forth the "schedule of court filing deposits and fees in Civil cases[.]" While Mr. Perkins focuses on the language "deposited as security for costs" in Loc.R. 16(B) and "[t]o secure the payment of costs" in the Fee Schedule, this terminology does not change the fact that the $350.00 Mr. Perkins deposited with the Medina County Clerk of Court was designated in the Fee Schedule as the filing fee for a complaint with up to five defendants.

{¶12} Mr. Perkins' reliance upon his filing fee to satisfy the jurisdictional requirement of security for the costs of the proceedings is misplaced because it ignores the Ohio Supreme Court's decision in *Sydnor*. With regard to statutory taxpayer suits, the Ohio Supreme Court has not deemed the filing fee for an action to be security for the costs of the taxpayer proceedings. *See Sydnor*, 61 Ohio St.3d at 54 (Douglas, J., concurring in part and dissenting in part) (The dissent concluded that the deposit of funds to cover the costs of the proceedings satisfied the securing of costs in a statutory taxpayer action.). *See, e.g., Natl. Elec. Contrs. Assn., Inc. v. Mentor*, 108 Ohio App.3d 373, 381 (11th Dist.1995) ("[T]he *Sydnor* court found the payment of the initial filing fee did not satisfy [the security] requirement[.]"); *Bowshier v. N. Hampton, Ohio*, 2d Dist. Clark No. 2001 CA 63, 2002 WL 940125, *5 (May 10, 2002) ("*Sydnor* implicitly held that the payment of the initial filing fee did not satisfy the security requirement" in a statutory taxpayer action.). *See also Creed By and Through Creed v. Sauline*, 11th Dist. Trumbull No. 93-T-4977, 1994 WL 587389, *3 (Aug. 12, 1994).

{¶13}  The Ohio Supreme Court subsequently recognized that while security for costs is a jurisdictional requirement to bring a statutory taxpayer action, the security does not need to be given upon the filing of the action. *State ex rel. Commt. for Charter Amendment Petition v. Maple Hts.*, 140 Ohio St.3d 334, 2014-Ohio-4097, ¶ 26. Because the statute is silent as to how to calculate the amount of security for the costs of the proceedings, the Supreme Court has deemed that a taxpayer's filing of a motion after the suit is filed is a proper course of action to address the jurisdictional requirement of securing the costs of the proceedings. *Id.* at ¶ 25-26. *See, e.g., State ex rel. Harris v. Rubino*, 155 Ohio St.3d 123, 2018-Ohio-3609, ¶ 33-34 (Contemporaneous with the filing of the complaint, the relator filed a motion to set the amount of the security for the costs and asked for consideration of the filing fees as security for the costs.). Generally, it is incumbent upon the taxpayer to request that the trial court determine the required security. *See Bowshier* at *5. *Contra State ex rel. Fisher v. Cleveland*, 109 Ohio St.3d 33, 2006-Ohio-1827, ¶ 42, 44-45 (A trial court may sua sponte waive the security for the costs in a statutory taxpayer action in order to remedy the jurisdictional defect where the matter has been pending for several months and two motions have been filed by the respondents.).

{¶14}  Relying upon its docket in this matter, the trial court noted Mr. Perkins "ha[d] not secured the mandated costs nor sought the Court to set costs." Rather than request that the trial court determine the amount of the security for the costs of the statutory taxpayer action, Mr. Perkins took the erroneous position that his payment of the filing fee satisfied the jurisdictional requirement under R.C. 309.13 to secure the costs of a statutory taxpayer action and that he did not need to take any further action.

{¶15}  Since Mr. Perkins' payment of the clerk of court's filing fee did not secure the costs of a taxpayer action and he failed to seek to have the trial court determine the amount of security

for the costs of the taxpayer proceedings, the trial court did not have jurisdiction over Mr. Perkins' statutory taxpayer action. Based upon the foregoing, we conclude that the trial court did not err in granting the Board and Rumpke's motion for judgment on the pleadings.

{¶16} Mr. Perkins presents additional arguments in support of his position that his payment of the clerk of court's filing fee satisfied the requirement of securing the costs in a taxpayer action. These arguments, however, were not contained in Mr. Perkins' brief in opposition to the Board and Rumpke's motion for judgment on the pleadings. Rather, these arguments were contained in Mr. Perkins' motion for relief from judgment. Because Mr. Perkins failed to make these arguments in his brief in opposition to the motion for judgment on the pleadings, he cannot raise such arguments for the first time on appeal. *See Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision*, 175 Ohio St. 179 (1963), syllabus. *See also Consol. Church Fin. Co. v. Geauga Savs. Bank*, 8th Dist. Cuyahoga No. 94715, 2011-Ohio-1360, ¶ 16 (declining to consider a new issue on appeal that was not raised in appellant's brief in opposition to the motion for judgment on the pleadings). Additionally, we decline to address these arguments because Mr. Perkins did not appeal the trial court's judgment denying his motion for relief from judgment.

{¶17} The assignment of error is overruled.

III.

{¶18} Mr. Perkins' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BENJAMIN J. OCKNER and MAJEED G. MAKHLOUF, Attorneys at Law, for Appellant.

DAVID M. SMITH and FRANK H. SCIALDONE, Attorneys at Law, for Appellee.

JAMES M. POPSON and ROBERT E. CAHILL, Attorneys at Law, for Appellee.