[Cite as *Marfut v. Werner*, 2022-Ohio-456.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

GLENN MARFUT

    Appellant

    v.

DARLENE WERNER, Individually and as
Trustee of Myron and Marie Marfut Trust
UAD 1/4/1996, as amended 10/3/2012, et al.

    Appellees

C.A. No.    30033

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    21 CV 00033

DECISION AND JOURNAL ENTRY

Dated: February 16, 2022

CALLAHAN, Judge.

{¶1}    Appellant, Glenn Marfut, appeals an order of the Summit County Court of Common Pleas, Probate Division, that dismissed his complaint. This Court reverses.

I.

{¶2}    In 1996, Myron and Marie Marfut established a revokable intervivos trust. The declaration of trust named Mr. and Mrs. Marfut ("the Marfuts") as the primary trustees and designated their daughter Darlene Ford, nka Darlene Werner, as successor trustee. It named their son, Mr. Marfut, as alternate successor trustee, and their other daughter, Kimberly Ogden, nka Kimberly Kovar, as second alternate successor trustee. The declaration also named Ms. Werner, Mr. Marfut, and Ms. Kovar as the beneficiaries of the trust.

{¶3}    The Marfuts amended the trust on October 3, 2012, naming themselves and Ms. Werner as primary trustees and providing that "[u]pon the death of one of us, the survivor and

Darlene Werner shall continue to act as the primary trustees of this living trust, with full power and authority to deal with any and all of the assets of this trust in any manner that said survivor and/or Darlene Werner see fit," except as limited in the amendment. (Emphasis omitted.) The amendment designated Ms. Kovar as successor trustee. In lieu of providing for an alternate successor trustee, the amendment provided that in the event Ms. Kovar "is unable or unwilling to act as successor trustee * * * the remaining beneficiaries shall by majority vote choose * * * a successor[.]" (Emphasis omitted.) The Marfuts deleted the reference to Mr. Marfut as a successor trustee. Marie Marfut died on October 15, 2012. In 2013, Myron Marfut resigned as trustee, leaving Ms. Werner as the sole trustee. Myron Marfut died on July 15, 2015.

{¶4} On March 25, 2021, Mr. Marfut filed a complaint against Ms. Werner, individually and as trustee[1], alleging that Ms. Werner owed him "various fiduciary duties, including but not limited to, the duty of good faith, loyalty and impartiality[]" and that she "violated said duties * * * by failing to provide him with mandatory information pertaining to the Trust, failing to distribute the funds due to him, and concealing assets from the trust, among other things." The complaint also alleged that Ms. Werner converted assets, requested an accounting of the trust from the time that Ms. Werner became a trustee, and urged the trial court to impose a constructive trust over any funds at issue. Ms. Werner moved to dismiss the complaint, arguing that under R.C. 5808.13(G), Ms. Werner owed duties only to the Marfuts while they were alive and, conversely, had no duty to Mr. Marfut as a beneficiary during that period of time. Ms. Werner maintained that she had made a full accounting of the trust to Mr. Marfut after their father's death, as required by statute.

---

[1] The complaint also named Ms. Kovar as a beneficiary of the trust.

**{¶5}** The trial court granted Ms. Werner's motion and dismissed the complaint in its entirety. Mr. Marfut filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE DARLENE WERNER'S MOTION TO DISMISS.

**{¶6}** Mr. Marfut's sole assignment of error argues that the trial court erred by dismissing the complaint pursuant to R.C. 5808.13(G). This Court agrees that the trial court erred in dismissing the complaint.

**{¶7}** It appears that Ms. Werner's motion to dismiss sought relief under Civ.R. 12(B)(6).[2] A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim "is a procedural motion that tests the sufficiency of the plaintiff's complaint." *Pugh v. Capital One Bank (USA) NA¸* 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 7, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Dismissal for failure to state a claim can only be granted when, having presumed that all factual allegations of the complaint are true and having made all reasonable inferences in favor of the plaintiff, it appears beyond doubt that the plaintiff can prove no set of facts that would warrant relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *Fisher v. Ahmed*, 9th Dist. Summit No. 29340, 2020-Ohio-1196, ¶ 9. This Court must review an order that resolves a motion under Civ.R. 12(B)(6) de novo. *See Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

---

[2] Although Ms. Werner's motion did not specify that it sought relief under Civ.R. 12(B)(6), it was filed in accordance with Civ.R. 12(A)(2) and, therefore, is most akin to a motion to dismiss for failure to state a claim rather than a motion for judgment on the pleadings. *See* Civ.R. 12(B)(6); Civ.R. 12(C). *See generally State ex rel. Perkins v. Medina Cty. Bd. of Commrs.*, 9th Dist. Medina No. 19CA0051-M, 2020-Ohio-3913, ¶ 7.

{¶8} Ms. Werner directed her motion to dismiss to Mr. Marfut's claim requesting an accounting of the trust. With respect to that claim, the motion to dismiss provided that in her capacity as trustee, Ms. Werner's duty during the settlors' lifetimes was owed solely to them. Consequently, Ms. Werner maintained that Mr. Marfut was not entitled to an accounting from the beginning of her tenure as trustee until her father's death. She also represented that she had fulfilled her obligations as trustee after his death, an assertion beyond the scope of the complaint. In considering the motion to dismiss, however, the trial court was obligated under Civ.R. 12(B)(6) to accept the allegations of the complaint as true without considering facts outside the complaint. *See State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶9} The motion to dismiss was silent regarding Mr. Marfut's claims for breach of fiduciary duty and conversion, his request for the trial court to establish a constructive trust, and all claims to the extent that they related to Ms. Werner in her individual capacity. In dismissing the entire complaint, the trial court therefore acted sua sponte. Generally, however, "a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995).

{¶10} Because the trial court considered allegations outside the pleadings and dismissed the entire complaint without notice to Mr. Marfut, this Court agrees that the trial court erred. Mr. Marfut's assignment of error is sustained.

III.

{¶11} Mr. Marfut's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed. This matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

DARREN W. DEHAVEN, Attorney at Law, for Appellant.

ROBERT J. ONDA and COLLEEN M. RYAN, Attorney at Law, for Appellees.