[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Delta Lookout, L.L.C. v. Cincinnati*, Slip Opinion No. 2020-Ohio-5486.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5486

THE STATE EX REL. DELTA LOOKOUT, L.L.C., APPELLANT, *v.* THE CITY OF CINCINNATI ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Delta Lookout, L.L.C. v. Cincinnati*, Slip Opinion No. 2020-Ohio-5486.]**

*Mandamus—Platting Commission Act created a method of achieving a statutory dedication—Two streets near appellant's office building were subject of a statutory dedication as of 1876 under terms of Platting Commission Act—Court of appeals' judgment denying writ reversed and cause remanded for that court to determine whether appellant satisfied all requirements of mandamus standard.*

(No. 2020-0205—Submitted August 18, 2020—Decided December 3, 2020.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-170107, 2019-Ohio-5353.

_____

**Per Curiam.**

{¶ 1} Appellant, Delta Lookout, L.L.C., appeals a judgment of the First District Court of Appeals denying its request for a writ of mandamus ordering appellees, the city of Cincinnati, Cincinnati Mayor John Cranley, former Cincinnati City Manager Harry Black, and former Cincinnati Director of Transportation and Engineering Michael Moore (collectively, "the city"), to repair and maintain two streets located within Cincinnati's boundaries.[1] In denying the writ, the court of appeals determined that the streets were never subject to a statutory or common-law dedication, leading it to conclude that the streets are private rather than public. On appeal, Delta Lookout argues that the streets were the subject of a statutory dedication as of 1876 under the terms of the Platting Commission Act. We agree. Accordingly, for the reasons that follow, we reverse the judgment of the court of appeals and remand the case for further proceedings.

## I. FACTUAL BACKGROUND

{¶ 2} The two streets at issue are Willbarre Terrace (formerly, Hillside Street) and Close Court, which are located in the Mt. Lookout neighborhood of Cincinnati. Willbarre Terrace runs northeast to southwest and is intersected by Close Court, which runs mostly east to west. Cincinnati has never passed an ordinance accepting the streets as public. And the parties do not identify in whose name the streets are titled.

{¶ 3} Delta Lookout owns an office building that abuts Willbarre Terrace and, in March 2017, filed a complaint in the court of appeals seeking a writ of mandamus to compel the city to repair and maintain the streets. Delta Lookout alleged that the city's neglect of the streets had resulted in unsafe conditions caused by inadequate water drainage. After the parties filed cross-motions for summary judgment, the court of appeals denied the writ, concluding that the streets had never

---

1. The current interim city manager, Paula Boggs Muething, and the current director of transportation and engineering, John Brazina, are automatically substituted as appellees. *See* S.Ct.Prac.R. 4.06(B).

become public through either a statutory or common-law dedication.[2]  Delta Lookout then appealed to this court as of right.

## II.  STANDARD OF REVIEW

{¶ 4} "In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law."  *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3, 591 N.E.2d 1186 (1992).  Our review of a grant of summary judgment is de novo.  *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9.

## III.  ANALYSIS

{¶ 5} Delta Lookout asserts one proposition of law for us to consider:

The Platting Commission Act of 1871, as amended, authorized an alternative form of statutory dedication separate and distinct from that codified in current Section 723.03 of the Ohio Revised Code, and not requiring the passage of an ordinance specially accepting such dedication.

For the reasons that follow, we adopt the proposition of law and further conclude that the streets at issue were the subject of a statutory dedication.

### A.  Statutory dedication

{¶ 6} The Revised Code does not define the term "statutory dedication," but long ago, we explained that the term means compliance with the statutory

---

2. Although the court of appeals' opinion and judgment entry do not explicitly state that it granted the city's motion for summary judgment, that is the only plausible basis for the court's disposition.

requirements for achieving a dedication of a public street. *See Lessee of Fulton v. Mehrenfeld*, 8 Ohio St. 440, 444-445 (1858).

{¶ 7} Generally, this process contemplates (1) a landowner's *dedication* of land for street purposes to a public authority and (2) a public authority's *acceptance* of that land for street purposes. As an example, a current method of statutory dedication provides for a "proprietor['s]" dedication of a street or alley for public use together with a "municipal corporation['s]" acceptance of the street or alley as confirmed by an ordinance. R.C. 723.03; *but see Eggert v. Puleo*, 67 Ohio St.3d 78, 84, 616 N.E.2d 195 (1993) (observing that the method prescribed by R.C. 723.03 is not exclusive). An older procedure, as described by a court of appeals, required proof "that the land was conveyed to the public for road or street purposes by deed or plat duly recorded and accepted by the proper authorities * * *." *Oberhelman v. Allen*, 29 Ohio C.D. 596, 598 (1st Dist.1915). The term "common-law dedication" bears a similar meaning. *See Mehrenfeld* at 446 ("To constitute a binding dedication of ground to public uses at common law, there must have been an intention to dedicate, and an actual dedication, on the part of the owner, and an acceptance on the part of the public, which may be proved by the circumstances of the case").

## B. The Platting Commission Act

{¶ 8} The question we must decide here is whether the Platting Commission Act furnishes a means of achieving a statutory dedication. Passed in 1871, the act empowers the council of a municipal corporation to "appoint a commission" to create a plat "showing the location of the streets and alleys already dedicated and those proposed * * *." Section 1, 68 Ohio Laws 36. Upon completing the plat, the commission is required to submit it to the office of the city civil engineer to allow interested persons to object to it. *Id.* After the time for objections has expired, and after the commission has made any needed alterations to the plat, the commission is required to submit it in finalized form to the offices of the county recorder and

city civil engineer. *Id.* at 37. The submitted plat constitutes "the regularly adopted plan for streets and alleys * * * and no streets or alleys, except those laid down on such plan, shall subsequently be in any way accepted as public streets or alleys by the municipal corporation * * *." *Id.*

{¶ 9} Section 2 of the act, much of which is now codified at R.C. 735.24, provides that "owners of any portion of the ground so platted may at any time" accept the plan insofar "as it concerns their property" by declaring and recording their intention to accept in the county recorder's office. 68 Ohio Laws at 37. "[S]uch acceptance, or the selling of lots referring to the plan or the streets and alleys therein laid out, shall be a statutory dedication of the streets and alleys in the property described in the acceptance, or of the streets or alleys [associated with] the lots so sold * * *." *Id.*

{¶ 10} In 1876, the legislature vested the duties of the platting commission in a board of public works. 73 Ohio Laws 43, 43-44. For simplicity, we refer to the board of public works as the platting commission.

*C. The Platting Commission Act furnishes a means of achieving a statutory dedication*

{¶ 11} Although Delta Lookout's argument does not focus on the text of the Platting Commission Act, Section 2 of the act is key to resolving the interpretive dispute in this case. *See In re Application of Duke Energy Ohio, Inc.*, 150 Ohio St.3d 437, 2017-Ohio-5536, 82 N.E.3d 1148, ¶ 19 (observing that "with any question involving statutory construction, we begin our analysis with the statutory language").

{¶ 12} Section 2 expressly provides that an owner of ground covered by the platting commission's "regularly adopted plan for streets and alleys" may achieve a "statutory dedication" by following the steps prescribed by the act. Although the phrase "statutory dedication" is undefined, *Mehrenfeld* (a pre-act decision) explains that the phrase means to comply with a statute's requirements for achieving a

dedication of a public street.  8 Ohio St. at 444-446.  We thus presume that the phrase "statutory dedication," as it is used in the act, bears the meaning that we assigned to it in *Mehrenfeld*.  *See* R.C. 1.42 (when a phrase has "acquired a technical or particular meaning," it should be construed according to that meaning); *Karabin v. State Auto. Mut. Ins. Co.*, 10 Ohio St.3d 163, 166, 462 N.E.2d 403 (1984), quoting *Tax Comm. of Ohio v. Sec. Savs. Bank & Trust Co. of Toledo*, 117 Ohio St. 443, 450, 159 N.E. 570 (1927) (the General Assembly presumably knows this court's caselaw " 'and, where it uses words or phrases that have been defined or construed by this court, it is presumed to have used them in the sense that they have been so defined or construed' ").

{¶ 13} It follows, then, that the phrase "statutory dedication" in Section 2 means compliance with the act's provisions for the purpose of achieving a dedication of a public street.  And when such compliance is shown—that is, by the commission's finalizing the plan and the owner's accepting the plan—a street will be deemed public.

{¶ 14} This interpretation is supported by decisions cited by Delta Lookout in support of its proposition of law.  For example, *Boyce v. Cincinnati*, 9 Ohio Dec.Rep. 763 (Super.Ct.1886)—which appears to be the first decision to have addressed the act—tracks this interpretation.  In that case, the plaintiffs sought to enjoin the city of Cincinnati from improving a part of a street on the ground that the street had never been dedicated to public use.  Cincinnati countered with a deed in which the grantor had referred to the street in question as laid out by the platting commission and, in describing the lot, called for the street as the commission had laid it out.  The grantor's recognition in the deed of the commission's work, Cincinnati argued, meant that the grantor had dedicated the street.

{¶ 15} The court agreed, explaining that the act "reverses the order" of the common-law method of dedication.  *Id.* at 764.  Under the act, "[t]he acceptance of the city is indicated in advance, that is, the wish of the public authorities that there

6

shall be a street in a particular place is first officially indicated, and after that the only point remaining is to show the acceptance or consent by the owner," which takes the form of a "declaration acknowledged and recorded" or a "deed calling for the plan or for the streets and alleys shown on it." *Id.* at 764-765. From those principles, the court reasoned that the grantor, whose deed followed "the adoption, publication and recording of the [commission's] plan," had achieved "a dedication to public use." *Id.* at 765.

{¶ 16} Under this reasoning, compliance with the act constitutes a valid method of achieving a statutory dedication. The city would have us distinguish *Boyce* on the ground that whereas the public authority in that case had taken steps to improve the street, nothing similar has occurred here. We disagree, for the court in *Boyce* did not assign significance to the city's attempted improvements in discussing the meaning of the act.

{¶ 17} The First District Court of Appeals' decision in *Hermann v. Spitzmiller*, 34 Ohio C.D. 453 (1st Dist.1914), reflects the reasoning of *Boyce*, for it too explains that the actions of a platting commission *do* suffice to constitute acceptance of a public street. *See Hermann* at 455. And contrary to the city's argument, our decision in *Wisby v. Bonte*, 19 Ohio St. 238 (1869), does not undermine *Hermann*, for the simple reason that we decided *Wisby* more than a year before the act became law.

{¶ 18} Here, the court of appeals found *Winslow v. Cincinnati*, 9 Ohio Dec. 89 (Super.Ct.1899), dispositive of the question presented. In *Winslow*, the court compared the act to an Ohio statute—R.S. 2650, 66 Ohio Laws 222, a precursor to R.C. 723.03—that created a method of achieving a statutory dedication through the passage of an ordinance. The court in *Winslow* wrote, "We can not think that the 'acceptance' referred to in the platting commission statute is anything other than a statutory acceptance by the municipal corporation which imposes upon it a liability to repair, and that in this respect the purpose of the act is no different from" R.S.

2650's. *Id.* at 96. The court went on to declare that the power vested in the platting commission by the act "is exclusively that of acceptance." *Id.*

{¶ 19} The court of appeals understood *Winslow* as "h[o]ld[ing] that the 1871 Act's reference to subsequent acceptance by a municipality following the work of the platting commission rebutted the contention that the 1871 Act empowered the platting commission with the authority to dedicate streets as public." 2019-Ohio-5353, 150 N.E.3d 556, ¶ 12. Based on this understanding of *Winslow*, the court of appeals concluded that "the 1871 Act does not implicitly accept streets as public simply because the platting commission included the streets on a plat map." *Id.*

{¶ 20} We disagree. *Winslow* expressly states that the act vests the platting commission with the power of acceptance, yet the court of appeals concluded here that the act does not deem a street as accepted when it appears on the commission's map. The court of appeals' analysis raises the question of what else the act requires to achieve an acceptance of a street. The answer cannot be the passage of an ordinance, because although *Winslow* compares the *purpose* of the act to a statute requiring the passage of an ordinance, the court in *Winslow* did not hold that the act *requires* the passage of an ordinance. And although the court of appeals did not cite *Boyce*, that decision explains that the plan itself constitutes the municipality's acceptance.

{¶ 21} In summary, the text of the act and the caselaw construing it both confirm that the act creates a method of achieving a statutory dedication.

D. *The streets at issue were the subject of a statutory dedication as of 1876*

{¶ 22} Having concluded that the act creates a method of achieving a statutory dedication, we next consider whether the two streets at issue were the subject of a statutory dedication.

{¶ 23} Delta Lookout's most compelling evidence that the streets were statutorily dedicated is a document entitled "Map of Cincinnati Compiled Under

the Direction of the Platting Commission 1876." A reference key denotes "dedicated streets" with solid lines, "proposed streets adopted by the platting commission" with dashed lines, and so on. The map identifies the disputed streets with a solid line.

{¶ 24} We conclude that the map shows that the streets were the subject of a statutory dedication. First, in accord with the presumption of regularity, which is unrebutted here, we presume that the platting commission meant what it said on the map and that the steps necessary to achieve a statutory dedication were followed here. *See Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 16. Second, the city offers very little to dissuade us from crediting the map as accurately depicting the streets as statutorily dedicated. It appears to contend that the map is unreliable because the parties' joint stipulation of facts does not include a stipulation that the streets were ever dedicated. But a stipulation of facts need not resolve every contested issue in a case. *See Kestner v. Kestner*, 173 Ohio App.3d 632, 2007-Ohio-6222, 879 N.E.2d 849, ¶ 29 (7th Dist.) ("A stipulation is a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to eliminate the need for proof on an issue or to narrow the range of issues to be litigated").

{¶ 25} Accordingly, we conclude that the two streets at issue were the subject of a statutory dedication as of 1876.

## IV. CONCLUSION

{¶ 26} Although we adopt Delta Lookout's proposition of law and determine that the streets were the subject of a statutory dedication as of 1876, our decision today does not mean that Delta Lookout is now entitled to a writ of mandamus. That is because Delta Lookout still must show that it has a clear legal

right to the relief requested and that the city has a clear legal duty to perform the requested acts.[3]

**{¶ 27}** It is true that in a proper case, we may exercise "discretionary, plenary authority to fully address the merits of an extraordinary action as if it were originally filed in this court, without the necessity of remand." *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, 97 N.E.3d 404, ¶ 27. But we decline to exercise that authority here, because the parties have not adequately briefed the clear-legal-right and clear-legal-duty requirements of the mandamus standard—understandable omissions in light of the court of appeals' analysis, which, given its conclusion that the act did not furnish a method of achieving a statutory dedication, eschewed a comprehensive mandamus discussion. On remand, the court of appeals will need to fully apply the mandamus standard and determine whether Delta Lookout has satisfied all its requirements.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Delev & Associates, L.L.C., Gregory D. Delev, and Donald W. Harper II, for appellant.

Paula Boggs Muething, Cincinnati City Solicitor, and Shuva J. Paul, Assistant City Solicitor, for appellees.

_____

_____

3. Because the court of appeals' determination that Delta Lookout lacks an adequate remedy at law is undisputed, we do not disturb it. *See* 2019-Ohio-5353, 150 N.E.3d 556, at ¶ 5-8.