[Cite as *State ex rel. Delta Lookout, L.L.C. v. Cincinnati*, 2021-Ohio-2192.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. DELTA LOOKOUT, LLC, | : | CASE NO. C-170107 |
| and | : | *O P I N I O N.* |
| DELEV AND ASSOCIATES, LLC, | : | |
| Relators, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| JOHN CRANLEY, MAYOR OF THE CITY OF CINCINNATI, | : | |
| PAULA BOGGS MUETHING, CITY MANAGER OF THE CITY OF CINCINNATI, | : | |
| and | : | |
| JOHN BRAZINA, DIRECTOR OF TRANSPORTATION AND ENGINEERING FOR THE CITY OF CINCINNATI, | : | |
| Respondents. | : | |

Orignal Action in Mandamus

Judgment of the Court: Writ of Mandamus Granted in Part and Denied in Part

Date of Judgment Entry: June 30, 2021

*Delev and Associates, LLC*, and *Gregory D. Delev*, for Relators,

*Andrew W. Garth*, City Solicitor, and *Shuva J. Paul*, Senior Assistant City Solicitor, for Respondents.

**ZAYAS, Presiding Judge.**

{¶1} This action is before us on remand from the Ohio Supreme Court. Relators seek a writ of mandamus compelling the city of Cincinnati to repair and maintain two streets located within the community of Mt. Lookout, Willbarre Terrace and Close Court ("the streets"). R.C. 723.01 imposes a duty upon a municipal corporation to care for, supervise, and control public streets. In *State ex rel. Delta Lookout, L.L.C. v. Cincinnati*, 162 Ohio St.3d 494, 2020-Ohio-5486, 165 N.E.3d 1256, ¶ 25, the Ohio Supreme Court determined that the streets were statutorily dedicated as public streets as of 1876. Accordingly, we issue a writ of mandamus, ordering respondent the city of Cincinnati to care for, supervise, and control Willbarre Terrace and Close Court in accordance with its duty under R.C. 723.01. However, we decline to issue any order regarding relators' claims for damages as we find that relators have an adequate remedy in the course of law in regard to those claims.

## Background and Procedural History

{¶2} Relators Delta Lookout, LLC, and Delev and Associates, LLC, are businesses operating in a building located in the Mt. Lookout area of the city of Cincinnati ("the city"). Relators filed an original action in mandamus with this court seeking an order to compel the city and its officials to repair and maintain the streets. After both sides filed motions for summary judgment, this court issued an opinion declining to issue a writ after finding that the city did not have a duty to maintain the streets because the streets were not public streets. *State ex rel. Delta Lookout, LLC v. City of Cincinnati*, 2019-Ohio-5353, 150 N.E.3d 556, ¶ 23 (1st Dist.). Relators appealed this court's decision, and the Ohio Supreme Court reversed it, finding the streets to be statutorily dedicated public streets. *Delta Lookout* at ¶ 25.

2

In its decision, the Ohio Supreme Court remanded this matter to this court to fully apply the mandamus standard and determine whether relators have satisfied all the necessary requirements to be entitled to the writ they seek. *Id.* at ¶ 27.

{¶3} In accordance with the Ohio Supreme Court's order of remand, on February 24, 2021, this court ordered the parties to submit briefing on the issues remanded to this court. Relators and respondents complied with this court's order and submitted briefs. The case was submitted on the briefs. We now address whether relators are entitled to a writ of mandamus compelling the city to maintain and repair the streets.

**Law and Analysis**

{¶4} Appellate courts have jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. *State ex rel. Youngstown Professional Firefighters IAFF Local 312 v. Youngstown*, 7th Dist. Mahoning No. 20 MA 0089, 2021-Ohio-539, ¶ 33. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01.

{¶5} To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Whittaker v. Lucas Cty. Prosecutor's Office*, Slip Opinion No. 2021-Ohio-1241, ¶ 9, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "A writ of mandamus is an extraordinary remedy which should be exercised with caution and issued only when the right is clear." *State ex rel. Youngstown Professional*

*Firefighters* at ¶ 33, citing *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11.

{¶6} The civil rules apply when a mandamus action is originated in the court of appeals. *State ex rel. Cincinnati Enquirer v. Hunter*, 1st Dist. Hamilton No. C-130072, 2013-Ohio-4459, ¶ 7, citing *State ex rel. Jones v. Vivo*, 7th Dist. Mahoning No. 00 CA 273, 2001 WL 950074, *3 (June 27, 2001). "Summary judgment is appropriate if (1) no genuine issue of material fact exists for trial, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor." (Citations omitted.) *Id.*

### Clear Legal Duty to Provide Requested Relief

{¶7} In relevant part, R.C. 723.01 imposes a duty upon a municipal corporation to care for, supervise, and control public streets. As we have already noted above, the Ohio Supreme Court determined that the streets in question were statutorily dedicated as public streets as of 1876. *See Delta Lookout*, 162 Ohio St.3d 494, 2020-Ohio-5486, 165 N.E.3d 1256, at ¶ 25. The parties stipulated that the streets are located in Mt. Lookout, which is within the city of Cincinnati. Therefore, pursuant to R.C. 723.01, the city has a clear legal duty to care for, supervise, and control the streets.[1]

---

[1] We note that R.C. 723.01 was amended by Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3501-3506, eff. Apr. 2003, to eliminate the prior language which stated, "and the municipal corporation shall cause them to be kept open, in repair, and free from nuisance." The current version now states that a municipal corporation shall have the care, supervision, and control of public streets. R.C. 723.01.

*Clear Legal Right to the Relief Requested*

{¶8}   Included within the stipulated record filed by the parties were two letters relevant to our purposes here.  The first letter, dated February 18, 2016, was a request from relators to the assistant city solicitor that the city repair and maintain the streets in accordance with its duty.  The second letter, dated April 22, 2016, was a response letter from the assistant city solicitor to relators denying their request.

{¶9}   Therefore, as the city of Cincinnati has a legal duty to care for, supervise and control the streets, and the city officials responsible for enforcing such a duty have thus far failed to compel the performance of such duty, relators have a legal right to request an order compelling the city to perform its duty.  *See* R.C. 733.58 and 733.59.

*Lack of an Adequate Remedy in the Ordinary Course of Law*

{¶10}   In our original opinion, this court determined that "a mandamus action is proper because the other available alternative would not provide a complete and adequate remedy." *Delta Lookout*, 2019-Ohio-5353, 150 N.E.3d 556, at ¶ 8.  The Ohio Supreme Court did not disturb this finding on appeal. *Delta Lookout*, 162 Ohio St.3d 494, 2020-Ohio-5486, 165 N.E.3d 1256, fn. 3 ("Because the court of appeals' determination that Delta Lookout lacks an adequate remedy at law is undisputed, we do not disturb it.").  Accordingly, we need not address this issue in regard to relators' request for a writ of mandamus ordering the city to comply with its duty as we have already determined that relators lack an adequate remedy in the ordinary course of law with respect to that issue.

{¶11}   However, as we held in our original opinion that the streets were not public streets, we never reached the issue of relators' request for damages.  In their amended petition and complaint for a writ of mandamus, relators requested

5

compensatory damages for negligence and trespass upon property related to the city's failure to maintain the streets.

{¶12} Any liability or immunity from liability of a municipal corporation for injury or loss to property allegedly caused by a failure to perform its duty to maintain public streets is determined by R.C. 2744.02(A) and (B)(3). R.C. 723.01. Under R.C. 2744.02(B)(3), political subdivisions are liable for injury or loss to property caused by the "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads." However, R.C. 2744.02(A)(3) provides that, subject to statutory limitations upon their monetary jurisdiction, the courts of common pleas, the municipals courts, and the county courts have jurisdiction to hear and determine civil actions brought pursuant to R.C. Chapter 2744. Therefore, we find that relators have an adequate remedy in the ordinary course of law in regard to any claim for damages. Thus, we decline to issue any order in regard to those claims.

### Conclusion

{¶13} For the foregoing reasons, it is ordered that a writ of mandamus issue as to respondent, city of Cincinnati, directing the respondent forthwith to care for, supervise, and control Willbarre Terrace and Close Court in accordance with its duty under R.C. 723.01. The remaining respondents are hereby ordered to comply with any such corresponding duty imposed upon them by their respective positions as city officials in regard to this matter. Realtors' request for damages in this action is hereby denied as relators have an adequate remedy in the course of law in regard to those claims.

Writ granted in part and denied in part.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:
The court has recorded its own entry this date.